HEARD NOVEMBER TERM, 1878.

CASE No. 690.

THOMAS W. CLAWSON AND C. E. SPENCER, EXECUTORS, v. A.
E. HUTCHINSON AND SUSAN J. HUTCHINSON, HIS WIFE.

A husband held liable for the debt of his wife, contracted by her *dum sola*,
in an action commenced against them in 1867.

Before ALDRICH, J., at York, September Term, 1878.

Susan J. Dunlap executed, in 1860, a sealed note, payable to
W. J. Clawson, administrator of J. P. Dunlap, on January 1st,
1862. In 1863 she intermarried with A. E. Hutchinson. Suit
was commenced on this note against Hutchinson and wife in
February, 1867, by W. J. Clawson. In December, 1877, W. J.
Clawson died, and his executors, Thomas W. Clawson and C. E.
Spencer, by proper order, became the plaintiffs.

At the trial the defendant, A. E. Hutchinson, requested the
court to charge the jury—

That the defendant, A. E. Hutchinson, the husband of the
defendant, S. J. Hutchinson, is not liable on the note executed
by his wife before her marriage, his liability being removed by
the provisions of the act of 1870, relating to the rights of married
women.

His Honor refused so to charge, and the defendant, A. E.
Hutchinson, excepted.

Verdict for plaintiffs.

A. E. Hutchinson appealed to this court, upon the ground
that his Honor erred in refusing to charge the jury as requested.

*Mr. J. F. Hart,* for appellant.

At common law, the husband became liable for the wife's debts,
contracted prior to the marriage. Death of husband or wife, or
divorce, relieved the husband or his estate. 1 *Pars. on Cont.* 344.

What was the reason of the law? Because the wife could not
be imprisoned for her ante-nuptial debt without her husband.

*Reev. Dom. R.* 144–5. Another reason would seem to be, that the person of the wife, as well as her goods and chattels, was merged in the husband.

The husband's liability for the wife's debt was not in the nature of a *contract* with her creditor. If so, his estate would have been liable after his death. " The debt is not transferred to him." *Id.*

If his liability is not by contract, then he became liable merely because the *remedy* upon her contract could not be applied, except by joint suit against the husband and wife; and, consequently, a joint judgment resulted. In no case could the wife be sued alone. The husband's liability—existing during coverture only—was only an incident to the remedy.

II. If only an incident to the remedy, it is removed by Article XIV., Section 8, of the constitution, and the act of 1870. *Gen. Stat.* 482; 14 *Rich.* 134; 7 *S. C.* 88; which compare with 1 *S. C.* 352, and see changes wrought by act of 1870.

III. This constitutional provision does not apply only to future debts or marriages. Article I., Section 10, of the Constitution of the United States does not apply, for there is no *contract* here of the husband; it is only a part of the remedy which may be impaired. *Cooley on Const. Lim.* 357; *Potter's Dwarris on Stat.* 471; 13 *N. Y.* 299; 1 *How.* 316.

The cases confine the constitutional application to the remedy existing against the contracting party at the time the contract was entered into, and not to such incidental remedies as may afterwards adhere to it. 4 *Wheat.* 197; 12 *Wheat.* 213; 2 *How.* 609; 13 *Rich.* 129; 2 *S. C.* 224, 226.

Creditors had no vested rights in such cases to be impaired by act of 1870. The death of either party would have destroyed the remedy against the husband. 15 *Wend.* 360.

But the legislature may divest vested rights. 8 *Pet.* 110; 4 *S. C.* 224.

*Mr. C. E. Spencer,* for respondents.

1. There has been no change of the common law rule which makes the husband liable by mere implication.

The liability grew out of the practice which required the

joinder of the husband in an action for the debt, and not out of the doctrine of the marital rights. 2 *Bish. on Mar. Wom.*, § 312; 5 *Duer* 186. The constitution and act of 1870, standing alone, make no change. *Code*, § 137.

2. There has been no change of the law by positive enactment. Section 3 of act of 1870, is inoperative because not disclosed in the title to the act. *Const., Art. II.*, § 20; *Cooley on Const. Lim.* 81–2, 149–50. Its incorporation into Revised Statutes does not cure defect, for they are void so far as they contain new matter. *Const., Art. V.*, § 3; *Art. II.*, §§ 20, 21; 14 *Stat.* 207.

3. The law discharging the husband from liability is only prospective. Such construction will never be given if another is possible. *Sedg.* 173; 7 *Johns.* 499; 5 *Duer* 186, *supra;* 13 *Rich.* 277.

4. The law, if intended to be retrospective, is to that extent, null and void. It would violate Article I., Section 14, of our constitution. *Cooley* 362; 2 *Kern.* 202; 5 *Duer* 192, which is in all respects like the case at bar; 15 *Wall.* 610.

*Mr. J. S. R. Thomson,* same.

*Mr. J. H. Rion,* contra.

March 3d, 1879. The opinion of the court was delivered by

WILLARD, C. J. The question is whether the provisions of the constitution and the statutes passed under it, declaring the rights of married women as to their separate property, destroys the husband's liability for the wife's debts *dum sola,* where the marriage took place and the action was brought prior to the adoption of the constitution. The note in suit was given by the wife of the defendant *dum sola* in 1862, and this action was commenced in 1867. The constitution declares "that the real and personal property of a woman held at the time of her marriage, or which she may thereafter acquire, either by gift, grant, inheritance, devise or otherwise, shall not be subject to levy and sale for her husband's debts, but shall be held as her separate property, and may be bequeathed, devised or alienated by her the same as if she were unmarried; *provided,* that no gift or grant from the husband to the wife shall be detrimental to the claims

of his creditors." *Article XIV., Section* 8. Under this provision, standing by itself, the husband would still remain subject to his common law liability for the debts of his wife prior to marriage, which would be manifestly unjust after taking from him that interest in his wife's property that was the ground of such common law liability. Accordingly the act of 1870, (14 *Stat.* 325,) after having re-enacted the enabling features of this constitutional provision and declared in still more full terms the capacity of a married woman to deal with her separate property, adds the following proviso : "*Provided,* that the husband shall not be liable for the debts of the wife contracted prior to or after their marriage, except for her necessary support." The provisions of the act of 1870 were re-enacted in the General Statutes, page 482.

It is claimed that these provisions acted retrospectively, so as to divest rights of action already acquired under marriages celebrated before the adoption of the constitution. No intention is expressed, as there are no words signifying an intention to impair rights already accrued ; if it exists, it must be made out inferentially on principles of construction. Such an enlargement of the expressed sense must not be allowed unless imperatively demanded by the manifest intent of the act, as when it would fail of full efficacy upon any other construction, in which case it would stand on the high ground of a necessary implication. In the present case the equity of the statute is the key of its intent, because the plain object in view was to equalize the rights and liabilities of the husband, which equality had been disturbed by the constitutional provision. This would exclude the idea of depriving the creditor of his acquired right of action where, at the same time such right of action accrued, the husband possessed full and undiminished marital rights as in the case in hand. In *Witsell* v. *Charleston,* 7 *S. C.* 88, the question was whether the wife's equitable interests passed into her legal separate estate, created as such by the constitution, under the words "real and personal property," and the present question was not touched.

The appeal must be dismissed.

Appeal dismissed.

McIVER and HASKELL, A. J.'s, concurred.